# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **MICHELLE CALLAHAM,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.** |
| ) | **4:13-cv-0814-AKK** |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of Social** ) | |
| **Security,** ) | |
| ) | |
| **Defendant.** | |

## MEMORANDUM OPINION

Plaintiff Michelle Callaham ("Callaham") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is supported by substantial evidence. Therefore, for the reasons elaborated herein, the court will affirm the decision denying benefits.

### I.  Procedural History

Callaham, whose past relevant experience includes work as a retail store manager and cashier, filed an application for Title II disability insurance benefits

and Title XVI Supplemental Security Income on October 18, 2010, alleging a disability onset date of October 11, 2010, due to back pain. (R. 13, 21, 170). After the SSA denied Callaham's claim, she requested a hearing before an ALJ. (R. 87-88). The ALJ subsequently denied Callaham's claim, (R. 10-23), which became the final decision of the Commissioner when the Appeals Council refused to grant review. (R. 1-6). Callaham then filed this action for judicial review pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). Doc. 1.

## II.  Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. § 405(g) mandates that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id*. (citing *Bloodsworth v. Heckler*, 703

F.2d 1233, 1239 (11th Cir. 1983)).  Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted).  If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings.  *See Martin*, 894 F.2d at 1529.  While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g). Specifically, the Commissioner must determine in sequence:

(1)  whether the claimant is currently unemployed;

(2)  whether the claimant has a severe impairment;

(3)  whether the impairment meets or equals one listed by the Secretary;

(4)  whether the claimant is unable to perform his or her past work; and

(5)  whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

Lastly, where, as here, a plaintiff alleges disability because of pain, she must meet additional criteria. In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of

pain or other subjective symptoms." *Holt v. Barnhart*, 921 F.2d 1221, 1223 (11th Cir. 1991).  Specifically,

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.[1]

*Id*.  However, medical evidence of pain itself, or of its intensity, is not required:

> While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, *neither requires objective proof of the pain itself*.  Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard *a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself.  See* 20 CFR §§ 404.1529 and 416.929; *Hale* [*v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)].

*Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added).  Moreover, "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Holt*, 921 F.2d at 1223.  Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, the

---

[1] This standard is referred to as the *Hand* standard, named after *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985).

ALJ must find a disability unless the ALJ properly discredits the claimant's testimony.

Furthermore, when the ALJ fails to credit a claimant's pain testimony, the ALJ must articulate reasons for that decision:

> It is established in this circuit that if the [ALJ] fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the [ALJ], as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the [ALJ] be supported by substantial evidence.

*Hale*, 831 F.2d at 1012.  Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if the ALJ's reasons are not supported by substantial evidence, the court must accept as true the pain testimony of the plaintiff and render a finding of disability.  *Id.*

### IV.  The ALJ's Decision

In performing the five step analysis, the ALJ found that Callaham had not engaged in substantial gainful activity since October 11, 2010, and, therefore, met Step One.  (R. 15).  Next, the ALJ found that Callaham satisfied Step Two because she suffered from the severe impairments of "depression, status post lumbar hemilaminectomy and microdiskectomy, and obesity." *Id*.  The ALJ then proceeded to the next step and found that Callaham failed to satisfy Step Three because she "does not have an impairment or combination of impairments that

meets or medically equals one of the listed impairments." (R. 16). Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four where he determined that Callaham has the residual functional capacity (RFC) to perform

> less than the full range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a). [Callaham] should be able to alternate between sitting and standing every thirty to sixty minutes throughout the work day. [Callaham] cannot climb ramps, stairs, ladders, ramps, or scaffolds. [Callaham] cannot crawl. [Callaham] can occasionally balance, stoop, kneel, and crouch. [Callaham] should avoid concentrated exposure to extreme temperatures and excessive vibration. [Callaham] should avoid all exposure to hazardous machinery and unprotected heights. [Callaham] is limited to performing simple, routine, and repetitive one to three step tasks.

(R. 17). In light of her RFC, the ALJ held that Callaham "is unable to perform any past relevant work." (R. 21). Lastly, in Step Five, the ALJ considered Callaham's age, education, work experience,[2] and RFC, and determined "there are jobs that exist in significant numbers in the national economy [Callaham] can perform." (R. 22). Therefore, the ALJ found that Callaham "has not been under a disability, as defined in the Social Security Act, from October 11, 2010, through the date of this decision." (R. 23).

---

[2] As of the date of the ALJ's decision, Callaham was 43 years old, had a high school education, and past relevant light work as a retail store manager (skilled) and cashier (unskilled). (R. 21).

## V.  Analysis

Callaham takes issue with the ALJ's decision denying her claim and has moved to remand for consideration of new evidence.  More specifically, Callaham has moved to remand under sentence six of 42 U.S.C. § 405(g) to allow the Commissioner to consider new evidence,[3] and contends that (1) the Appeals Council erred by refusing to consider  new evidence; and (2) Callaham should have been found disabled based on the ALJ's RFC finding.  *See* doc. 11 at 3-10.  The court addresses Callaham's contentions of error in turn, and then her motion for remand.

### A.   The Appeals Council's Decision

Callaham's first contention of error is that the Appeals Council erred by failing to review her claim in light of new evidence she submitted with her request for review. Doc. 11 at 3.  The new evidence is the report of an MRI scan performed on October 29, 2012, which shows a "[s]ignificant broad-based subligamental herniation [at] L5." (R. 666).  If a claimant "properly presents new

---

[3] Although Callaham's motion requests that the court supplement the record on appeal pursuant to sentence six of 42 U.S.C. § 405(g), doc. 10 at 2, her brief on the merits requests remand for consideration of the additional evidence, doc. 11 at 5.  Because "[a] reviewing court is limited [to the record certified by the Commissioner] in examining the evidence," *Cherry v. Heckler*, 760 F.2d 1186, 1193 (11th Cir. 1985), the record may only be supplemented via a remand under sentence six.  Accordingly, the court will review Callaham's motion as one for remand under sentence six for consideration of new evidence by the Commissioner.

evidence to the [Appeals Council] and it denies review, [a reviewing court] essentially consider[s] the claimant's evidence anew to determine whether 'that new evidence renders the denial of benefits erroneous.'" *Levie*, 514 F. App'x. at 832 (quoting *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1262 (11th Cir.2007). Accordingly, if the ALJ's findings are supported by substantial evidence when the new evidence is considered, the Appeals Council committed no error by failing to review Callaham's claim. Therefore, this court must consider the record as a whole, including the evidence made part of the record by the Appeals Council, to determine whether the ALJ's findings are supported by substantial evidence. *Ingram*, 496 F.3d at 1266.

According to Callaham, the new evidence is significant because "it reveals a large herniation at the L5 level which was unknown at the time of [Callaham's] hearing," doc. 11 at 3, that presumably supports her testimony of disabling pain. However, a review of the ALJ's credibility finding shows that he did not rely on the absence of diagnostic imaging to find Callaham's testimony not credible. After considering Callaham's subjective symptoms, the ALJ found that Callaham's allegations and testimony were only "partially credible," (R. 20), and explained his reasons. First, the ALJ noted that Callaham "sought only minimal treatment during the alleged period of disability," and only "takes over the counter

9

medication for her pain," which he properly found "undermines [Callaham's] claim that she has constant, severe pain."[4]  *Id.*; *see Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th. Cir. 2005) (ALJ properly considered lack of treatment in assessing credibility); *Falcon v. Heckler*, 732 F.2d 827, 832 (11th Cir. 1984) (ALJ properly considered conservative treatment in assessing credibility). Next, consistent with the regulations, *see* 20 C.F.R. § 404.929(c)(4), the ALJ found that inconsistencies in Callaham's statements diminished her credibility because she "testified that she has applied for and received unemployment benefits . . . during the alleged period of disability." (R. 21).  As the ALJ explained:

> By applying for unemployment benefits, [Callaham] has clearly and unambiguously stated to the State of Alabama that she is *physically capable of working.*  However, in applying for disability benefits and supplemental security income, [Callaham] has informed the Administration that she is physically unable to perform any work. Thus, [Callaham], under penalty of law, has given directly contradictory statements to the State of Alabama and the Administration.  Such a direct contradiction in the face of criminal prosecution could diminish . . . [Callaham's] credibility and places into doubt the veracity of her statements.

*Id.* (emphasis in original).  Finally, the ALJ noted that "[a]lthough [Callaham] testified she can only sit for thirty minutes, the undersigned observed [Callaham] s[itting] during the entire fifty-three minute hearing and [she] displayed no signs

---

[4] The ALJ found that Callaham's ability to afford cigarettes undermined her testimony that she could not afford medication or treatment.  (R. 20).

of pain or discomfort." (R. 20). The ALJ explained that although his observation was "certainly not dispositive in and of itself, this observation further marginalizes the believability of her statements." *Id.*; *see Norris v. Heckler*, 760 F.2d 1154, 1158 (11th Cir. 1985) (ALJ may "consider the claimant's demeanor among other criteria in making credibility determinations"). Because none of the reasons articulated by the ALJ for discrediting Callaham's allegations rests on the absence of diagnostic imaging, the court finds that the evidence submitted to the Appeals Council does not render the ALJ's decision erroneous and that the substantial evidence still supports the ALJ's credibility finding when that evidence is considered.

Moreover, Callaham's contention that the Appeals Council "refused to consider [the new evidence] in support of [Callaham's] disability benefits" misses the mark because the Appeals Council stated that it "considered the reasons [Callaham] disagree[d] with the decision and the additional evidence listed on the enclosed Order of Appeals Council," and "found that this information does not provide a basis for changing the Administrative Law Judge's decision." (R. 2). This is sufficient to show that the Appeals Council actually considered the new evidence because "nothing requires the [Appeals Council] to further explain its denial of review." *Levie v. Comm'r of Soc. Sec.*, 514 F. App'x 829, 832 (11th Cir.

2013) (finding identical language sufficient); *see also Mansfield v. Astrue*, 395 F. App'x 528, 530 (11th Cir. 2010) ("Because a reviewing court must evaluate the claimant's evidence anew, the Appeals Council was not required to provide a more thorough explanation than it did."). Accordingly, the court finds no error in the Appeals Council's explanation of its decision.

B.   The Vocational Expert's Testimony

Callaham contends that the ALJ improperly relied on the testimony of a vocational expert (VE) to find Callaham could perform other work, and raises two alleged errors. First, Callaham contends that the ALJ "never questioned the [VE] about less than a full range of sedentary [work] as is generally found in the [RFC] ascribed to [Callaham]." Doc. 11 at 10. However, contrary to Callaham's contention, the ALJ's hypothetical question to the VE exactly matched the ALJ's RFC finding. (R. 17, 61). In particular, the hypothetical question included a sit/stand option, with no crawling or climbing. (R. 61). Therefore, this contention of alleged error is without merit. Second, Callaham contends that the VE's testimony about the availability of jobs with a sit/stand option "was purely speculative." Doc. 11 at 10. Callaham bases her contention on the VE's refusal to give an opinion as to the number of individual employers who would not allow

a sit/stand option, and on the DOT's[5] failure to address a sit/stand option. *Id.* at 8-9. Unfortunately for Callaham, when a VE testifies about the availability of jobs "statistical specificity is not required." *Pena v. Comm'r of Soc. Sec.*, 489 F. App'x. 401, 402 (11th Cir. 2012). Moreover, "when the VE's testimony conflicts with the DOT, the VE's testimony 'trumps' the DOT." *Jones v. Apfel*, 190 F.3d 1224, 1229-30 (11th Cir. 1999). Here, the VE was unequivocal in testifying that the jobs he identified could be performed with a sit/stand option: "What I am saying is that the jobs can be performed with the sit/stand option. I'm not speculating at all." (R. 67). Accordingly, the ALJ properly relied on the VE's testimony to find Callaham can perform other work.

    C.    <u>Callaham's Motion to Remand</u>

Callaham has moved to remand under sentence six of 42 U.S.C. § 405(g),[6] contending that new evidence supports her application for disability benefits. Doc. 11 at 3. To obtain a remand under sentence six, the settled law in this circuit requires Callaham to establish that (1) there is new, noncumulative evidence; (2)

---

[5] The DOT (Dictionary of Occupational Titles) is published by the Department of Labor and used by the Commissioner to take administrative notice of the presence of jobs in the national economy. 20 C.F.R. §§ 404.1566(d)(2), 416.966(d)(2).

[6] Sentence six states, in relevant part, that "[t]he court . . . may at any time order additional evidence to be taken before the Commissioner, but only upon showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).

the evidence is material; and (3) there is good cause for failure to submit the evidence at the administrative level. *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986). The new evidence is material if it is "relevant and probative so that there is a reasonable possibility that it would change the administrative result." *Id.*

The new evidence proffered by Callaham consists of a treatment note from Dr. J. Stanford Faulkner, Jr., dated November 29, 2012, doc. 10 at 10-11, and Dr. Faulkner's deposition taken September 9, 2013, doc. 10 at 47-84. When Dr. Faulkner saw Callaham on November 29, 2012, he reviewed the October 2012 MRI and diagnosed "[r]ecurrent herniated disk with subarticular foraminal stenosis, [and] disk space collapse at L5-S1 on the left." Doc. 10 at 10. Dr. Faulkner also opined that he did not think Callaham was able to work in her current condition. *Id.* In his deposition, Dr. Faulkner explained that he based his opinion on Callaham's complaints of pain: "If she came in and said she wasn't in pain, then I wouldn't take her off work looking at the MRI." Doc. 10 at 72. Because Dr. Faulkner's opinion rested on Callaham's subjective complaints of pain, it is unlikely to change the administrative result because, as discussed above, *see supra* Part V.A., the ALJ properly discredited Callaham's pain testimony based on the lack of significant treatment and Callaham's inconsistent statements. Likewise, Dr. Faulkner's diagnosis of a recurrent herniated disk is unlikely to

change the result because the ALJ did not rely on the absence of a medical condition that could cause Callaham's pain to discredit her testimony. Accordingly, remand is not warranted here because Callaham has not established that the evidence is material.

## VI. Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Callaham is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination. Therefore, the Commissioner's final decision is **AFFIRMED**. A separate order in accordance with the memorandum of decision will be entered.

**DONE** this 26th day of September, 2014.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE